**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Attorneys Appearing: John S. Mairo, Esq.
                      Kelly D. Curtin, Esq.

*Proposed Counsel to Debtors and Debtors-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Somerset Hills Residential Treatment Center, Inc., | : Case No.: 14-25202 (CMG) |
| | : |
| | : (Joint Administration Requested) |
| Debtors-in-Possession. | |
| In re: | : Chapter 11 |
| | : |
| Somerset Hills School, Inc. | : Case No.: 14-25204 (CMG) |
| | : |
| Debtors-in-Possession. | : (Joint Administration Requested) |

**MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF**
**THE DEBTORS' CHAPTER 11 CASES**

Somerset Hills Residential Treatment Center, Inc. ("RTC") and Somerset Hills School, Inc. ("SHS"; together with RTC, the "Debtors"), by and through their undersigned proposed counsel, hereby submit this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order, in substantially the form attached hereto, directing joint administration of their related chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

2634826

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105 of the Bankruptcy Code and Rule 1015(b) of the Bankruptcy Rules.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

5. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

6. A detailed description of each Debtor's business and the facts precipitating the filing of the Debtors' Chapter 11 Cases are set forth in the Affidavit of Ryan Kimmins in Support of the Debtors' "First Day Motions" (the "Kimmins Affidavit") filed concurrently herewith and incorporated by reference.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek the joint administration of these Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases. The Debtors propose to

2634826

designate the chapter 11 case of RTC, as the main bankruptcy case because RTC is the company that lost its contract with the DCF, which contract loss has caused the financial difficulties facing the Debtors.

8. Accordingly, the Debtors request that the cases be administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Somerset Hills Residential Treatment Center, Inc., *et al.*[1], | : Case No.: 14-25202 (CMG) |
| | : |
| Debtors-in-Possession. | : (Joint Administration Requested) |

9. The Debtors also request that a docket entry, substantially similar to the following, be entered on the dockets of the Chapter 11 Cases of RTC and SHS to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the Chapter 11 Cases of Somerset Hills Residential Treatment Center, Inc. and Somerset Hills School, Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 14-25202.

10. Each of the Debtors will file monthly operating reports as required by the United States Trustee Operating Guidelines, but such reports will be filed in the lead case (Case No. 14-25202) rather than in each of the Debtors' individual cases.

11. The Debtors also request that the Court's order require that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against which such claim is asserted and not in the jointly administered case.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Somerset Hills Residential Treatment Center, Inc. (1831) and Somerset Hills School, Inc. (9733).

2634826

**BASIS FOR RELIEF**

12. Rule 1015(b) of the Bankruptcy Rules provides that "[i]f a joint petition of two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors in these cases are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

13. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein. Specifically, section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. Joint administration orders in multiple related cases is common and Rule 1015 of the Bankruptcy Rules promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See, e.g., In re 710 Long Ridge Road Operating Company II, LLC, et. al.,* Case No. 13-13653 (DHS) (Bankr. D.N.J. Feb. 27, 2013); *See also, In re Fedders North Americas Inc., et. al.,* Case No. 07-11176 (BLS) (Bankr. D. De. Aug. 23, 2007); *In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.,* 954 F.2d 1, 11 (1st Cir. 1992).

15. These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors and their estates.

16. The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be extremely wasteful.

17. Joint administration will permit the Clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties in interest. Joint administration will also protect parties-in-interest by ensuring that parties in

interest in each chapter 11 case will be apprised of the various matters before the Court in the other cases.

18. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim against a particular Debtor. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

19. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

## NOTICE

20. No trustee, examiner, or creditors' committee has been appointed in these Chapter 11 Cases. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Debtors' consolidated twenty largest unsecured creditors; (iii) the Debtors' secured creditors; and (iv) all parties who entered a notice of appearance pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

21. No previous motion for the relief sought herein has been made to this or to any other court.

## WAIVER OF BRIEF

22. As no novel issue of law is raised and the relevant authorities relied upon by the Debtors are set forth herein, the Debtors respectfully request that the requirement under D.N.J. LBR 9013-2 of filing a brief be waived.

**WHEREFORE**, the Debtors respectfully request the entry of an order, in substantially the form submitted herewith, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: July 25, 2014

                                                      Respectfully submitted,
                                                     **PORZIO, BROMBERG & NEWMAN, P.C.**
                                                     Proposed Counsel to the Debtors and Debtors-In-Possession

                                                   By: */s/    John S. Mairo*
                                                          John S. Mairo

2634826