

Order Filed on July 31, 2014 by
Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Attorneys Appearing:  John S. Mairo, Esq.
                     Kelly D. Curtin, Esq.

*Proposed Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Somerset Hills Residential Treatment Center, Inc., *et al.*[1], | : Case No.: 14-25202 (CMG) |
| | : |
| Debtors-in-Possession. | : (Joint Administration Requested) |

# INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby ORDERED.

**DATED: July 31, 2014**

/s/ Christine M. Gravelle
Honorable Christine M. Gravelle
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Somerset Hills Residential Treatment Center, Inc. (1831) and Somerset Hills School, Inc. (9733).

2634763

Page: 2
Debtors: Somerset Hills Residential Treatment Center, Inc., *et al*
Case No.: 14-25202 (CMG)
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

This matter having been opened by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") upon their Motion[2] for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001 and 11 U.S.C. §§ 361 and 363 of the Bankruptcy Code. Notice of the Motion together with notice of the preliminary hearing thereon has been given and served by the Debtors to the (i) the United States Trustee, (ii) the Debtors' secured creditors, (iii) any committee appointed under section 1102 if one has been appointed, and if not, to the twenty (20) largest unsecured creditors on the Rule 1007(d) list, and (iv) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002. The Court considered the Motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A. <u>Notice and Hearing</u>. Notice of the Motion and order shortening time pursuant to D.N.J. LBR 9013-1(e) and Rule 9006(c) of the Bankruptcy Rules for the preliminary hearing on the Debtors' use of cash collateral has been served in accordance with section 102(1) of the Bankruptcy Code and Rule 4001(b) of the Bankruptcy Rules, which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B. <u>Chapter 11 Filed</u>. Debtors filed their petitions under chapter 11 of the Bankruptcy Code on July 25, 2014 (the "<u>Petition Date</u>") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2634763

Page: 3
Debtors:   Somerset Hills Residential Treatment Center, Inc., *et al*
Case No.:  14-25202 (CMG)
Caption:   INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

C. <u>Prepetition Debt</u>.  Bank of America, N.A. (the "<u>Secured Creditor</u>") has asserted a secured claim against the Debtors in the approximate principal amount of $1,890,000.00 (the "Pre-Petition Debt") as of the Petition Date.

D. <u>Pre-Petition Collateral</u>.  The Secured Creditor was granted a security interest in substantially all of the assets of the Debtors.  Additionally, the Debtors assert that the Secured Creditor has the ability to exercise remedies against valuable assets located at the Warren Property in connection with the Pre-Petition Debt and the Secured Creditor disputes the Debtors' contention with respect to Secured Creditor's alleged rights and remedies concerning the Warren Property.

E. <u>Cash Collateral</u>.  "Cash Collateral" as defined by section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) and as the term "proceeds" is described in UCC section 9-306.

F. <u>Necessity and Best Interest</u>.  The Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate their business in chapter 11.  The Debtors require immediate authority to use cash collateral as defined herein in order to continue their business operations without interruption toward the objective of formulating an effective plan of reorganization.  Debtors' use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.  The amount of cash collateral authorized to be used during the time period from July 25,

Page: 4
Debtors: Somerset Hills Residential Treatment Center, Inc., *et al*
Case No.: 14-25202 (CMG)
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

2014 (the Petition Date) through August 18, 2014 (the "Interim Period") is not to exceed the amounts reflected in the Debtors' budget for the Interim Period, annexed hereto as Exhibit A (the "Cash Collateral Budget").

G.   Purposes.   The Debtors are authorized, during the Interim Period, to use cash collateral in accordance with the Cash Collateral Budget to meet the ordinary cash needs of the Debtors (and for such other purposes as may be approved in writing by the Secured Creditor) for the payment of actual expenses of the Debtors necessary to (i) maintain and preserve their assets, (ii) continue operation of their businesses, including payroll and payroll taxes, and insurance expenses as reflected in the Cash Collateral Budget, and (iii) pay quarterly fees pursuant to 28 U.S.C. § 1930.

H.   Examination Period.   If an official committee of unsecured creditors (the "Committee") is appointed under § 1102 of the Bankruptcy Code, it has a minimum of 60 days (or such longer period as the Committee may obtain for cause shown before the expiration of such period) from the date of the order approving the appointment of counsel to the Committee to investigate the facts and bring any appropriate proceedings as representatives of the estate. If no Committee is appointed, any party in interest has a minimum of 75 days (or such longer period as the Committee may obtain for cause shown before the expiration of such period) from the entry of of the final cash collateral order to investigate the facts and file a motion seeking authority to bring any appropriate proceedings as representatives of the estate.

Page: 5
Debtors:     Somerset Hills Residential Treatment Center, Inc., *et al*
Case No.:    14-25202 (CMG)
Caption:     INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

The Court having determined that there is a reasonable likelihood that the Debtors will prevail upon the merits at the final hearing of the Motion as required by section 363(c)(3) of the Bankruptcy Code, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

1. <u>Use of Cash Collateral</u>. The Debtors are authorized, during the Interim Period and in accordance with the Cash Collateral Budget attached hereto as Exhibit A, to use the cash collateral for the following purposes:

    a. maintenance and preservation of their assets;
    b. the continued operation of their businesses, including but not limited to payroll, payroll taxes, employee expenses, and insurance costs;
    c. the purchase of supplies; and
    d. quarterly fees pursuant to 28 U.S.C. § 1930.

2. <u>Adequate Protection</u>. As adequate protection for use of cash collateral, the Secured Creditor is GRANTED:

    a. Replacement Lien. A replacement perfected security interest under section 361 of the Bankruptcy Code to the extent the Secured Creditor's cash collateral is used by the Debtors, with the same priority in the Debtors' post-petition collateral, and proceeds thereof, that the Secured Creditor held in the Debtors' pre-petition collateral, subject to quarterly fees pursuant to 28 U.S.C. § 1930.

    b. Statutory Rights Under Section 507(b). To the extent the adequate protection provided for hereby proves insufficient to protect the Secured Creditor's interest in and to the cash collateral, the Secured Creditor shall have a superpriority administrative expense claim, pursuant to section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtors under section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding.

2634763

Page: 6
Debtors:   Somerset Hills Residential Treatment Center, Inc., *et al*
Case No.:  14-25202 (CMG)
Caption:   INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

    c.    Deemed Perfected.  The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Secured Creditor taking possession, filing financing statements, mortgages or other documents. Although not required, upon reasonable request by the Secured Creditor, Debtors shall execute and deliver to the Secured Creditor any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Secured Creditor to be necessary in order to perfect the security interests and liens in the Debtors' post-petition collateral and proceeds granted by this Order, and the Secured Creditor is authorized to receive, file and record the foregoing at the Secured Creditor's own expense, which actions shall not be deemed a violation of the automatic stay.

    d.    Periodic Accountings.  On August 11th and bi-weekly thereafter, the Debtors shall provide periodic accountings to the Secured Creditor setting forth the cash receipts and disbursements made by the Debtors under this Order, together with such detail and underlying assumptions as may be reasonably requested by the Secured Creditor.  Upon appointment of a Creditor's Committee, if any, the Debtors shall submit a copy of the periodic operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

    e.    Default Hearing.  In the event Debtors default or violate this Order, the Secured Creditor is entitled to request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

    3.    <u>Interlocutory Order and No Modification of Creditor's Adequate Protection</u>.  This is an interlocutory order.  Nothing contained herein shall be deemed or construed to (i) limit the Secured Creditor to the relief granted herein; (ii) bar the Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same; (iii)

2634763

Page: 7
Debtors:   Somerset Hills Residential Treatment Center, Inc., *et al*
Case No.:  14-25202 (CMG)
Caption:   INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

require the Secured Creditor to make any further loans or advances to the Debtors; or (iv) be a waiver of any claim or defense held by the Debtors against the Secured Creditor nor a waiver of any challenge by the Debtors to claims and/or liens asserted by the Secured Creditor.  This Order may be modified for cause shown by the Debtors, the Secured Creditor or any other party-in-interest on due notice. No such modification, however, shall deprive the Secured Creditor of its interest in Debtors' property (pre-petition and post-petition).

**FINAL HEARING ORDER**

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtors on or before the 14th day of August, 2014, at 1:00 p.m. written objection and shall appear to advocate said objection at a Final Hearing to be held on the 18th day of August, 2014 at 11:00 a.m. in the United States Bankruptcy Court, Trenton, New Jersey.  In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a continuing Interim Order without further notice or hearing in accordance with Federal Rule of Bankruptcy Procedure 4001(d)(3).

**NOTICE ORDER**

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order and Notice by first class mail within one (1) business day from the date hereof, on (i) the Office of the United

2634763

Page: 8
Debtors:    Somerset Hills Residential Treatment Center, Inc., *et al*
Case No.:   14-25202 (CMG)
Caption:    INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

States Trustee, (ii) the Debtors' secured creditors (iii) the Debtors' consolidated twenty largest unsecured creditors, and (iv) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002.  Debtors shall immediately file with the Clerk a Certificate of Service of said mailing.

Approved in Advance:

Dated: July 29, 2014                     PORZIO, BROMBERG & NEWMAN, P.C.

/s/ John S. Mairo                    .
John S. Mairo, Esq.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile

Proposed Counsel to the Debtors and Debtors in Possession

2634763

Page: 9
Debtors: Somerset Hills Residential Treatment Center, Inc., *et al*
Case No.: 14-25202 (CMG)
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

Dated: July 29, 2014

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

_/s/ Daniel F. Flores_____.
Daniel F. Flores, Esq.
200 Campus Drive
Florham Park, NJ 07932
(973) 624-0800
(973) 624-0808 (facsimile)

Counsel to Bank of America, N.A.

2634763